UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
W. HENRY ALDERFER, LAUREN ALDERFER
and SARAH ALDERFER
                Plaintiffs,

-against-

LOUIS PUBLIC COMPANY LIMITED,

                Defendant.
------------------------------------------------------------X

**07 CIV. 6976**

**COMPLAINT**

**PLAINTIFFS DEMAND TRIAL BY JURY**

Plaintiffs, W. HENRY ALDERFER, LAUREN ALDERFER, and SARAH ALDERFER, complaining of the defendant herein, by their attorneys, LAW OFFICE OF TODD J. KROUNER, respectfully alleges:

## INTRODUCTION

1. This is an action arising from the crash and subsequent sinking of the cruise ship M/S Sea Diamond on or about April 5, 2007. The M/S Sea Diamond was operated by Louis Public Company Limited (d/b/a Louis Hellenic Cruise Lines) ("Louis Cruise"), and had 1,547 passengers and crew onboard. Most of the 1,195 passengers were Americans and Canadians. On April 5, 2007, at around 4 p.m., the ship ran aground on a well-marked volcanic reef east of Nea Kameni, off of the Greek Island Santorini. On April 7, 2007, Greek authorities announced that the Captain and a number of the crewmembers, were being officially charged for their negligence. The charges include causing a shipwreck through negligence, breaching international shipping safety regulations and polluting the environment. The Greek authorities have also announced that the charges may be amended to include criminal charges. The Greek authorities have noted that the underwater reef was well marked on available navigational equipment and maps. Additionally, a number of the vessel's air-tight doors failed to function

properly, allowing water to flood the cabins. A representative from Louis Cruise has publicly admitted that the crash was the result of human error on the part of Louis Cruise personnel.

2. Moreover as reported in the <u>Wall Street Journal</u>, on April 28, 2007, the eye-witness accounts have revealed that the evacuation was poorly planned and implemented. The passengers were forced to endure hours of chaos, fear and images of their death, and fear for health and safety of their loved ones. Maritime safety guidelines generally call for a ship to be evacuated within one hour. Two of the passengers, a father and daughter (neither a party to this action), are presumed to have drowned and their bodies have not yet been found. The survivors suffered an array, of injuries and losses, caused by the crash, and further compounded by the negligent evacuation, which left many without life jackets, instructions or the proper egress from the ship. Moreover, the mental anguish persists and the passengers are likely to suffer severely in the future from their mental trauma caused by this harrowing crash.

## THE PARTIES AND JURISDICTION

3. Plaintiffs reside in New York City. The Alderfers' were traveling with their daughter. Plaintiff, Dr. W. Henry Alderfer is a Country Director for the non-profit foreign aid organization Project Concern. Dr Lauren Alderfer teaches and writes professionally. Their daughter Sarah Alderfer is studying at NYU in New York City.

4. Defendant Louis Cruise has its principal place of business in Nicosia, Greece.

5. Jurisdiction with respect to defendant Louis Cruise is based upon this Court's diversity jurisdiction, 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

6. Plaintiffs purchased a package for travel from defendant Louis Cruise.

7. On or about April 3, 2007, Plaintiffs boarded the M/S Sea Diamond at Piraeus, Greece, for what was scheduled to have been a four day cruise. It was scheduled to visit a number of Greek islands, and scheduled to return to Piraeus, Greece, on April 6, 2007.

8. Upon information and belief, at all times herein mentioned, the defendant Louis Cruise owned the vessel the M/S Sea Diamond.

9. At all times herein mentioned, the defendant Louis Cruise operated the M/S Sea Diamond.

10. At all times herein mentioned, the defendant Louis Cruise controlled the M/S Sea Diamond.

11. At all times herein mentioned, the defendant Louis Cruise managed the M/S Sea Diamond.

12. At all times herein mentioned, the defendant Louis Cruise manned, equipped and operated the M/S Sea Diamond.

13. Upon information and belief, at all times herein mentioned, the defendant Louis Cruise, owned, operated, controlled, equipped and managed the M/S Sea Diamond in its voyage from April 2, 2007 through April 7, 2007.

14. On and prior to April 5, 2007, defendant Louis Cruise was a major cruise line that operated regularly scheduled passenger cruises and was required to maintain the working order of the vessel and to insure compliance with all applicable safety codes, standards and requirements. In addition, Louis Cruise was required to provide safety equipment and be able to conduct an orderly and safe evacuation, if necessary, of the M/S Sea Diamond.

15. On and prior to April 5, 2007, defendant Louis Cruise did business in New York and

sold its service to the citizens of New York and to the citizens of several other states.

16. Louis Cruise is routinely booked by tour operators from the United States. Americans constitute a large percentage of the passengers on Louis Cruise.

17. Defendant Louis Cruise owned, serviced, maintained, repaired, inspected and operated the subject vessel and its component parts and systems, including but not limited to, navigational systems, control systems, safety doors, safety equipment and evacuation boats and vessels.

18. Defendant Louis Cruise also was responsible to provide training and instructions on safety and evacuation procedures and methods. Defendant Louis Cruise was also obligated to select, train, and supervise its Captain and crew.

19. On April 5, 2007, the Plaintiffs were lawfully and properly passengers on board the M/S Sea Diamond. As such, Louis Cruise owed them the highest duty of care.

20. On April 5, 2007, the M/S Sea Diamond crashed into an underwater reef and began to sink with some 1,547 passengers and crew on board. The evacuation of passengers took many hours and was complicated and delayed by many negligent acts on the part of the Captain and the crew. These failures lead to delays and personal injuries, the death of two passengers, emotional distress, terror and mental anguish.

## FIRST CAUSE OF ACTION

### NEGLIGENCE OF DEFENDANT LOUIS CRUISE

21. Plaintiffs repeat and reallege Paragraphs 1 through 20, above.

22. The Defendant Louis Cruise, its agents, servants and employees were negligent in the navigating, operating and controlling of the M/S Sea Diamond.

23. In derogation of the established maritime standards, regulations and safety rules Louis Cruise operated M/S Sea Diamond carelessly and negligently, and failed to avoid colliding with a reef, failed to operate the vessel in a safe and reasonable manner; failed to operate the vessel in a manner consistent with rules of navigation; failed to properly navigate the sea; failed to avoid impact with a well-marked reef.

24. Defendant Louis Cruise also was negligent in its failure to organize and supervise an orderly evacuation of the passengers. Louis Cruises failed to provide information on evacuations and safety measures prior to and during the evacuation and failed to properly distribute and make available required safety equipment like life jackets. The evacuation was disorganized, disorderly and the Louis Cruise crewmembers were ill prepared and apparently lacked evacuation training.

25. Defendant Louis Cruise's negligence caused Plaintiff to suffer personal injuries, property loss, mental anguish, severe pain and suffering and Plaintiff was severely and permanently injured, shocked, bruised, wounded and suffered great physical and mental pain and injury, was rendered sick, sore, lame and was otherwise injured, and may require future medical care and/or treatment and may incur future medical expenses therefore.

26. The Defendant, Louis Cruise, including their officers, agents, servants and/or employees as set forth herein, acted with willful misconduct and reckless disregard for the safety of Plaintiff; that said Defendant willfully, wantonly, knowingly and with reckless disregard for the safety of the passengers aboard the M/S Sea Diamond caused and permitted the subject vessel to crash; that the said Defendant knowingly and with reckless disregard for the safety of the passengers aboard M/S Sea Diamond caused and permitted unsafe, dangerous, defective and

hazardous conditions; to exist aboard said vessel concerning which it had actual or constructive notice and warning, and nevertheless failed to timely remedy said conditions, but instead needlessly, knowingly, recklessly and wantonly risked the lives and safety of the fare paying passengers, despite the knowledge of the Defendant as to the probably horrible, devastating nature of the injuries, which would likely result from their willful, wanton, reckless and grossly negligent conduct, affecting such a large number of persons, including each and every passenger an crew member, and yet recklessly and with willful misconduct and gross negligence, and despite knowledge of earlier defective and other dangerous and hazardous conditions to exist, causing the injuries to the passengers and crew; and that the forgoing willful misconduct, wanton, reckless and grossly negligent acts and omissions of the Defendant Louis Cruise requires, justifies and merits the award of exemplary and punitive damages.

WHEREFORE, Plaintiffs W.HENRY ALDERFER, LAUREN ALDERFER, and SARAH ALDERFER, demand judgment against the defendants. Plaintiffs W. HENRY ALDERFER, LAUREN ALDERFER, and SARAH ALDERFER demand judgment against defendant Louis Cruise on the First Cause of Action for compensatory and punitive damages in such amounts as a jury may find fair, reasonable and just; and Plaintiffs W. HENRY ALDERFER, LAUREN ALDERFER, and SARAH ALDERFER demand judgment against defendant, Globus, on the Second, and Third Causes of Action in such amounts as a jury may find fair, reasonable and just; and Plaintiff demands judgment on the Fourth Cause of Action for (a) compensatory damages to the extent permitted by law; (b) reasonable attorney's fees; and (c) an injunction to terminate Globus deceptive acts or practices, all together with interest, costs and

disbursements of this action.

Dated: Chappaqua, New York
August 2, 2007

                                                LAW OFFICE OF TODD J. KROUNER

                                                By: _____
                                                Todd J. Krouner (TK0308)
                                                Jacqueline M. James (JJ1845)
                                                Attorneys for Plaintiffs
                                                93 North Greeley Avenue, Suite 100
                                                Chappaqua, New York, 10514
                                                (914) 238-5800